IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                              **Case No. 10-40065-01-RDR**

ALLAN RENDALE TURNER,

        Defendant.

## MEMORANDUM AND ORDER

The defendant is charged with possession of ammunition by a felon in violation of 18 U.S.C. § 922(g)(1). The defendant seeks to suppress all evidence that was seized from him on December 22, 2009. He contends he was illegally seized and searched prior to the discovery of the ammunition.

The court has conducted a hearing on the defendant's motion. Based upon the evidence presented at that hearing, the court makes the following findings of fact and conclusions of law.

FINDINGS OF FACT

1. On December 22, 2009, Topeka Police Department (TPD) officers Victor Soto and Ben Heusted were on patrol in an area close to downtown Topeka. Officer Heusted was in training with Officer Soto who was acting as the training officer. Officer Soto has been employed with the TPD for over thirteen years. Officer Heusted has been employed with the TPD since May 2009. At 9:12 p.m., they received a call of a violent domestic dispute at 808

Washburn, a three-story apartment complex near downtown Topeka. The officers were further informed that the domestic dispute was occurring in Apartment 33. The information concerning the dispute had come from two sources: (1) a female in Apartment 33, and (2) a maintenance man at the apartment complex. The officers were approximately two miles away from that location when they received the dispatch. The officers' shift that day was from 1:15 p.m. to 9:15 p.m, but they decided to respond to the call because they were one of the few units that was available. The officers responded in emergency mode with their lights flashing and the siren on.

2. As they were en route to 808 Washburn, the officers learned that the door to Apartment 33 had been kicked in and an assault was occurring. They further learned that the individual involved in the domestic dispute was removing articles from the apartment.

3. It was dark when the officers arrived at the apartment complex. The officers noticed a moving van in the parking lot. The officers then noticed a black male walking out of the apartment complex with his arms full of various items of clothing. Officer Soto asked him from what apartment he was coming. The individual, who was later identified as Allen Rendale Turner, said he was coming from Apartment 33. At that point, Officer Soto told Officer Heusted to detain Turner. Officer Heusted told Turner to stop. He told him to lay everything on the ground. He placed him in

handcuffs and did a pat-down search for his safety. He asked Turner if he had any weapons. Turner said that he did, that he had a pistol. Officer Heusted found a small pistol in an eyeglass case in the pouch of a sweatshirt that Turner was wearing. The pistol had one round of ammunition in it. He found another round of ammunition in Turner's pocket. Meanwhile, Officer Soto entered the apartment complex, went upstairs and located Apartment 33. He noticed that the door had been kicked in. He encountered a female, Lindsay Munoz, in the apartment. Ms. Munoz said she was not hurt.

CONCLUSIONS OF LAW

1. The defendant contends that the officers had no reasonable ground to detain him. The defendant asserts that the officers "had not observed him commit a crime; they had not observed him in possession of any contraband; and no one had reported him as having committed a felony." The government contends, based upon Terry v. Ohio, 392 U.S. 1 (1968), that the officers had a reasonable suspicion that criminal activity was afoot. The government suggests that the circumstances show that the officers had information that a domestic dispute was occurring, and that someone was taking items from the apartment. The government asserts that, once the officers arrived at the scene and spotted the defendant, they had reasonable suspicion to stop him. The subsequent pat-down search, the government contends, was appropriate because the officers had articulable and reasonable suspicion to believe that

3

the defendant was armed.

2. An individual "may not be detained even momentarily without reasonable, objective grounds for doing so...." Florida v. Royer, 460 U.S. 491, 498 (1983). The reasonableness of investigative detentions is outlined in Terry v. Ohio, 392 U.S. 1 (1968). Investigative detentions are reasonable if "the detaining officer has a reasonable suspicion that criminal activity may be afoot." United States v. Stephenson, 452 F.3d 1173, 1176 (10th Cir. 2006). Reasonable suspicion requires "'a particularized and objective basis' for suspecting the person stopped of criminal activity...." Ornelas v. United States, 517 U.S. 690, 696 (1996) (quoting United States v. Cortez, 449 U.S. 411, 417 (1981)).

3. In Terry, the Supreme Court held that a search for weapons during a stop does not violate the Fourth Amendment where a "reasonably prudent man in the circumstances would be warranted in the belief that his safety ... was in danger." Terry, 392 U.S. at 27; see also United States v. Garcia, 459 F.3d 1059, 1063-64 (10th Cir. 2006) (pat-down search for weapons during the course of a Terry stop is proper when the officer has a reasonable suspicion that the person is armed).

4. Here, the officers arrived at an apartment complex at dark after they were told that someone had kicked in the door of Apartment 33 and had engaged in an assault. They were further told that the person who had conducted the assault was leaving the

apartment with items from the apartment. Under these circumstances, the officers had the right to stop the defendant after he told them that he was coming from Apartment 33. The officers further had the right to pat down the defendant for weapons for the purposes of officer safety. The court finds that the actions of the officers did not violate the Fourth Amendment. Accordingly, the court shall deny defendant's motion to suppress.

**IT IS THEREFORE ORDERED** that defendant's motion to suppress (Doc. # 11) be hereby denied.

**IT IS SO ORDERED.**

Dated this 2nd day of August, 2010 at Topeka, Kansas.

           s/Richard D. Rogers
           United States District Judge